U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
FEB 12 2020
AT____ O'CLOCK
John M. Domurad, Clerk - Syracuse

In the United States District Court
for the Northern District of NY

Sara Kielly,               (Plaintiff);

vs.

William Fitzpatrick - Director
of NYSDOCCS - Executive
Clemency Bureau, in his
official capacity only, (Defendant).

Civ. Act. #: _____
Judges: (    ) - (    )
Jury Trial Demanded

# COMPLAINT

## I.] Complaint:

Plaintiff, Sara Kielly ("Plaintiff"), pro se, for her complaint states as follows:

## II.] Parties, Jurisdiction, and Venue:

1.) This Court has jurisdiction over this action under 28 USC §§ 1331 and 1343(3-4). The matters in controversy arise under 42 USC § 1983.

2.) Venue properly lies in this District pursuant to 28 USC § 1391(b)(2); because the events giving rise to this action occurred in the central offices of NYSDOCCS - located at the Harriman State Office Campus, in Albany, New York which is located within the Northern District of New York.

3.) Plaintiff, Sara Kielly, is and was at all times relevant hereto, a prisoner-patient in the custody of the State of New York - Office of Mental Health ("OMH") at: Central NY Psychiatric Center ("CNYPC"), located at: 9005 Old River Road, PO Box 300; in the town of Marcy, in the State of New York.

4.) Plaintiff is a prisoner mandated to serve a sentence of conviction, within the NYS Department of Corrections and Community Supervision ("NYSDOCCS"). She is presently confined at CNYPC, in the NYS OMH; due to an order involuntarily committing her persuant to NY Correction Law ("Corr. Law") 402(9).

5.) Plaintiff is, and was, at all times mentioned herein; an adult citizen of the United States, and a resident of the state of New York.

6.) Defendant, William Fitzpatrick, is the director of the "Executive Clemency Bureau" ("Exec. Clem. Bur.") of NYSDOCCS. He maintains his primary offices in the central offices of NYSDOCCS; located at: 1220 Washington Ave., Harriman State Office Campus - Bldg. #2, Albany, New York 12226.

## IV.] Previous Lawsuits:

7.) Plaintiff has filed no other lawsuits, dealing with the same facts involved herein, but has filed other lawsuits dealing generally with her incarceration.

## V.] Exhaustion of Administrative Remedies:

8.) Plaintiff has exhausted all available remedies, prior to filing these commencing papers.

## VI.] Statement of Claim:

9.) At all relevant times herein, the defendant was a "person" for purposes of 42 USC § 1983, and acted under color of law to deprive plaintiff of her rights garunteed by the Fourteenth (14th) ammendment of the U.S. Constitution ("Const."), as set forth more fully below.

10.) Plaintiff's claims for injunctive relief are authorized by: Rule 65 of the Fed. R. Civ. P.

## VII.] Statement of Facts:

11.) On approximately: November 19th, 2019, a comprehensive clemency application for a sentence commutation; was submitted by Miss. Mira A. de Jong, on behalf of the Plaintiff. [See: Exhibit A - Clemency Application.]

12.) The clemency application was duly submitted, by first-class mail; to the Executive Clemency Bureau ("Exec. Clem. Bur."),

at <u>NYSDOCCS - Central Office</u> ("Central Office").

13.) Plaintiff's clemency application clearly raised an "<u>exceptional and compelling - extraordinary cercumstance</u>" claim, on the face of the application; with clear and convincing evidence supporting such a claim.
[See: <u>Exhibit A</u> - Clemency Application.]

14.) The "<u>exceptional cercumstance</u>" claim, was supported by credable statements of support; by lawyers of the NYS Bar, community leaders, and countless effected members of the community.
[See: <u>Exhibit A</u> - Application (Ex. C: Letters of Support).]

15.) On approximately: <u>December 3rd, 2019</u>, Defendant Fitzpatrick advised <u>Miss. de Jong</u>, that the <u>Exec. Clem. Bur.</u>, pursuant to his determination; declined in whole, to accept plaintiff's clemency application.
[See: <u>Exhibit B</u> - Fitzpatrick Determination (12/3/2019).]

16.) Defendant Fitzpatrick determined in his discretion, that because Plaintiff has <u>not</u> served atleast half of her court-ordered minimum sentence, her application was so fatally flawed that the application was totally unreviewable.
[See: <u>Exhibit B</u> - Fitzpatrick Determination.]

17.) The defendant went further in stating, that plaintiff's application would <u>not</u> be considered, or accepted, until "on or after <u>June 30, 2024</u>" - four (4) and a half (1/2) years from the grieved memo determination.
[See: <u>Exhibit B</u>.]

18.) In handing down his determination, refusing to accept the clemency application, defendant cited the: "<u>Guidelines for Review of Executive Clemency Applications</u>", published by the <u>Governor's Office of the State of New York</u> as the controlling authority used in determining such a rejection in plaintiff's case.
[See: <u>Exhibit B</u>, <u>Exhibit C</u> - Exec. Clem. Guide.]

19.) On approximately: <u>December 13th, 2019</u>, plaintiff submitted a letter of appeal; in that letter she drew defendant's attention to the fact that a legitimate "<u>extraordinary circumstance</u>" claim had been raised, and asked the defendant to therefore allow plaintiff's application to be reviewed by the <u>Governor</u> - Hon. Andrew Cuomo.
[See: <u>Exhibit D</u> - Clemency Appeal (12/13/2019).]

20.) Pursuant to the guidelines published by Governor Cuomo's office, the requirements for an application to be reviewable, are as follows:

A.) Except for extraordinary circumstances, a commutation will be considered only if the incarcerated person meets the following eligibility criteria:

    i.) The incarcerated person's minimum period of imprisonment is more than one year;

    ii.) The incarcerated person has served at least one-half of his or her minimum prison term; and,

    iii.) The incarcerated person is not eligible for parole within one year of the date of his or her application for clemency."

B.) "A commutation of sentence is an extraordinary form of relief. Accordingly, the applicant has the strong burden of demonstrating that he/she:

    i.) Has made exceptional strides in self-development and improvement; has made responsible use of available rehabilitative programs; has addressed identified treatment needs; and the commutation is in the interest of justice, consistent with public safety and the rehabilitation of the applicant; OR,

    ii.) Is suffering from a terminal illness or has

a severe and chronic disability that would be substantially mitigated by release from prison, and the release is in the interest of justice and consistant with public safety;

OR,

iii.) Further incarceration would constitute gross unfairness because of basic inequities involved."
[See: Exhibit C - Exec. Clem. ▇▇ Guidelines "Eligability" pg. # 5-6 (Last accessed on: 2/5/2020).]

21.) Pursuant to NYS law, and the Governor's published guidelines; "Clemency is a matter within the sole discretion of the Governor".
[See: Exhibit C - Guidelines - "Application Guidance: pg. #6."]

22.) Pursuant to the Governor's directive, in the Clemency Guidelines; "if an eligable applicant has been notified that no action will be taken on his or her application at this time, the applicant may reapply one year after the date of notification unless authorized to do so sooner".
[See: Exhibit C - pg. #6.]

23.) In Plaintiff's case; she meets each of the following main requirements, listed in: VII (20)(A) of this complaint:

A) "i" - her minimum sentence is more than one year:
   i.) Plaintiff is sentenced to a minimum period of:

twenty-five (25) years;
[See: Exhibit E - Mandates of Detention.]

B.) "iii" - she is not eligible for parole within one year of the date of her clemency application:
   i.) Plaintiff is not eligible for parole, until: December 30th, 2036.
[See: DOCCS Sentence Records = Exhibit F(1-2).]

24.) In Plaintiff's case; she does not currently meet the main requirement, listed in: VII(20)(A)(ii) of this complaint:

A.) "ii" - she has not served at least ~~@~~ one-half of her minimum prison term
   i.) Plaintiff's minimum prison term, on a "twenty-five (25) to Life" sentence; is twelve (12) and a half (½) years;
   ii.) To date, Plaintiff has served just over eight (8) years; or approximately one-third (1/3) of her minimum prison term.
[See: Exhibit F.]
   iii.) Due to her claim of "extraordinary circumstances", such is not fatal to her application eligibility.

25.) In Plaintiff's case; she meets all three (3) of the secondary terms of: VII(20)(B)(i-iii), in a clear and compelling manner:

A.) "i." - she has made exceptional strides in self-development and improvement; has made responsable use of the rehabilitative programs available to her; and has addressed her identified treatment needs reasonably;

⎡ See: Exhibit A - Clemency Application:
1.) "Exec. Summary" - pgs. # 1-3, 2.) "Institutional History" - pgs. # 13-14, 3.) "Disciplinary History" - pgs. # 14-15, 4.) "Programming While in Custody" - pgs. # 20-21, 5.) "Self-Education in the Law" - pgs. # 21;
6.) "Personal Statement" - @ (Ex. A: Personal Docs.) [#1],
7.) "Certificates of Achievement (SRLP)" - (Ex. A.) [#4-5],
8.) "Published Articles (NLG: Guild Notes / SRLP: "In Solidarity" - (Ex. A) [#6-7];
9.) "Letters of Support" - (Ex. C)
   A.) Familial: Theresa Outman, FNP-C [#1];
   B.) Lawyers/Legal Organizations/Community Leaders:
      i.) Atty. Entelisano [#2]; @
      ii.) Atty. Walker & Comm. Advocate McKenzie [#3];
      iii.) Atty. Kinkead [#4] (Legal Aid Society);
      iv.) Atty. Lewis [#5] (Sup. Atty. Legal Aid Society);
      @ v.) Lw. Student (2020 - Stanford) Breslau [#6];
   C.) Invested Community Members: [#'s 7-26]. ⎦

B.) "ii." - she suffers from a severe and chronic disability that would be substantially mitigated by release from prison; of which could become a "terminal illness" without care;

i.) Plaintiff is diagnosed with the following severe, chronic, and potentially terminal illnesses/disabilities:

1.) "Gender Dysphoria"[1] - in adults, DSM-5 302.85 (ICD 10:64.1), Male to Female Transsexualism" with a sexual attraction (orientation) to males" [Primary Diagnosis];
2.) "Post-Traumatic Stress Disorder" ("PTSD");
3.) "Major Depression (Recurrent/Severe)";
4.) "Adjustment Disorder (with Anxiety)".
See: Exhibit A: Clemency Application:
1.) "Executive Summary" - pgs.# 1-3;
2.) "Early Life and Family Background" - pgs.# 3-8;
3.) "Crime of Conviction" - pgs.# 10-12;
4.) "Institutional History" - pgs.# 13-14;
5.) "Treatment Related to Gender Dysphoria" - pgs.# 16-18;
6.) "Self-castration Attempts" - pgs.# 18-20.
See also: Exhibit A: Clemency Application: Sub-exhibit: D - Tom Mozer, Psy.D. - Psych. Reports: 5/2014 & 12/2017 [#2, 3].

---

[1].) "Gender Dysphoria" ("GD") is a condition that is designated as a "major mental illness"; that is "characterized by a persistant [chronic] physical, and emotional, discomfort with one's biological sex"; that is "associated with clinically significant distress or impairment in social, occupational, or other areas of functioning."
See: World Professional Association of Transgender Health - Standards of Care: Version 7 (2012) - <https://www.wpath.org/media/CMS/Documents/Soc%20v7/Standards%20of%20Care_v7%20Full%20Book_English.pdf>.

2.) "Gender Dysphoria" when left untreated often develops into a discomfort so severe, and painful, that an individual will consider or attempt suicide, self-castration, and/or self-mutilation.

> See: George R. Brown: <u>Autocastration and Autopenectomy as Surgical Self-treatment in Incarcerated Persons with G.I.D.</u> - International Journal of Transgenderism, 12. 35 @ (2010).

> See also: Claire M. Peterson, Ph.D., Abigail Matthews, Ph.D., et al. - <u>Suicidality, Self-harm, and Body Dissatisfaction in Transgender Adolescents and Emerging Adults with Gender Dysphoria</u> - Suicide and Life-threatening Behaviors [2016]

3.) Plaintiff's "Gender Dysphoria", and severe mental illness/disability; have led to several heinous injuries of life-threatening nature, and two life-threatening, near death episodes.

> See: <u>Exhibit G - Castration Records</u>; <u>Exhibit H - 6/6/2018 Arterial Spermatic Hemorrhage</u>; <u>Exhibit I - Sepsis / Testicular Amputation</u>.

> See also: <u>Exhibit A - Clemency Application</u>:
> 1.) "<u>Treatment Related to Gender Dysphoria</u>" - pgs. # 16-18;
> 2.) "<u>Self-Castration Attempts</u>" - pgs. # 18-20;
> 3.) <u>Letters of Support</u>;
>    A. Theresa Outman; B.) <u>Atty. Kinkead</u>, C.) <u>Atty. Lewis</u>.

C.) "iii." - Further incarceration of Plaintiff would constitute gross unfairness because of the basic inequities involved;

    i.) Miss. Kielly's sentence is unduly excessive, and punitive, for the reality of her crime;
See: Exhibit A - Clemency Application -
1.) "Executive Summary" - pgs. # 1-3;
2.) "Early Life and Family Background" - pgs. # 3-8;
3.) "Crime of Conviction" - pgs. # 8-13.
See also: Exhibit A - Clemency Application -
1.) "Personal Statement" - (Ex. A: Personal Docs.) #1;
2.) Letters of Support -
    A.) Theresa Outman; B.) Atty. Kinkead;
    C.) Atty. Entelisano; D.) Atty. Lewis.

    ii.) Miss. Kielly faces a carcereal environment, and system; unwilling, and unable, to meet her medical and psychological needs. Of which, has nearly, and eventually will, lead to her avoidable death.
[See: Exhibit A - Clemency Application.]

D.) The release of the Plaintiff is in the interest of justice, and public safety.
See: Exhibit A - Clemency Application.]

26.) While clemency is a completely discretionary action; only the Governor may determine; the granting of an application for "extraordinary cercumstances".

27.) Defendant Fitzpatrick has interferred unduly; with the review of Plaintiff's legitimate, and actionable, clemency application.

28.) Upon information, and belief, Defendant Fitzpatrick allowed an "exceptional cercumstances" application go forward; for a cis-gendered (biological) woman solely due to rehabilitation, and age.

29.) Plaintiff faces a life, and death, reality that more than qualifies her for full review since she is not likely to survive until June 30th, ~~2024~~ 2024.

30.) Plaintiff does not move the court to "grant" or force "the granting", of her clemency application; she simply seeks an order requiring the <u>Exec. Clem. Bureau</u> to process her legitimate application, and for the Governor to be provided an opportunity to consider the application fully.

31.) Defendant singled Plaintiff out for "arbitrary and irrational treatment", as an individual, and "group of one".

32.) Upon information, and belief, the defendant denied the Plaintiff's application purposefully due to the "extraordinary circumstances" being related to gender identity, mental illness, and disability; while granting non-transgender/gender non-conforming applicants a full review.

33.) Defendant committed an "error of law", failed to "perform a duty of law", and purposefully denied Plaintiff's her right to due process of her life, and liberty for discriminatory and irrational purposes.

34.) Defendant's actions willfully places Plaintiff's life, and safety, in imminent danger; particularly in the well documented, and supported fact that Plaintiff will *not* survive to June 30, 2024 for regular clemency consideration.

## VIII.] Claim Counts:

35.) Count One: Denial of Due Process of the Law - 14th Ammendment: US Constitution;

~~[scribbled out text]~~

36.) **COUNT TWO**: Denial of Equal Protection of the Law - 14th Amendment: US Constitution.

IX.] Prayer For Relief:

37.) Plaintiff requests an order declaring that the defendant has acted in violation of the United States Constitution.

38.) Plaintiff requests an injunction compelling defendant to: accept the plaintiff's clemency application, begin the review process by compiling the necessary records, and provide the Governor of NYS the plaintiff's completed application for clemency by sentence commutation forthwith.

39.) Plaintiff seeks NO monetary damages herein.

Signed this the 10th day of February, 2020.

Signed under penalty, and pain of perjury; and declare that the foregoing is true and correct.

Sara G. Kielty
CH: 555798

<u>Verification</u>
("Kielly v. Fitzpatrick")

State of New York )
                  ) ss.:
County of Oneida  )

Sara Kielly (C#: 555798) (DIN: 12B3915), being duly sworn, deposes and says that she is the Plaintiff in the above-titled proceeding; and that she has read the foregoing "Complaint" and knows the contents thereof; she swears that the same is true, and correct, to her own knowledge, except as to those matters herein stated to be alleged on "information and belief", and as to those matters, she honestly believes them to be true.

<u>Notary</u>
Signed and sworn to, this the 10th day of February, 2020.

Lauren Curtacci
STAMP
- - - - - - - - - - - -
, Lauren G. Curtacci   ,
, Notary Public, NYS   ,
, Registration #       ,
,    01CU6270566       ,
, Qualified: Oneida County ,
, Comm. Expires: Oct 22, 2020 ,

Sara Kielly
C# 555798
Pro Se- Plaintiff

Dated:
February 10th, 2020